STATE v. W. M. GORHAM.

OCTOBER TERM, 1894.

*Confession. Admissibility for the court. Cross-examination. Charge of .Court. Error.*

1.  A confession is admissible, if voluntary, although made while the prisoner is in irons, without counsel, and expecting to die from the effects of poison.

2.  Whether a confession is voluntary and therefore admissible is a preliminary question for the trial court.

3.  Upon the determination of this preliminary question the trial court can only consider the evidence introduced, and if, after the confession has been admitted, testimony is introduced to the jury bearing upon its admissibility, the court should not thereupon change its previous ruling, at least unless requested.

4.  The respondent had no right to inquire, upon the cross-examination of the officer who arrested him, whether he regarded as suspicious certain circumstances to which he had testified in chief, he not having indicated by his conduct or testimony that he so regarded them.

5.  Where, upon the facts, the prisoner is guilty upon both counts if upon either, it is no error for the court to tell the jury that if they find him guilty upon the first count they probably will upon the other.

6.  The court may assume as true in its charge facts which are conceded, and this includes facts which, although in dispute at first, have come to be conceded in the course of the trial.

7.  The prisoner admitted that he made the confession, but said it was false. At the time he made it he had no knowledge of the evidence of the prosecution against him. The court instructed the jury that they might inquire whether the respondent would have been likely to concoct a story at that time which would have so exactly fitted the surrounding circumstances. *Held*, no error, it not appearing that the existence of the "surrounding circumstances" was in dispute.

8.  The jury came in disagreed, but without asking for additional instructions. The court thereupon gave them an additional instruction, which was proper if they had been properly instructed upon that subject before. *Held*, no error.

9.  *Held*, that what the court said about the expense of the trial, in returning the jury to a further consideration of the case, was intended to reconcile them to their duty, and not to promote an agreement, and therefore not error.

Indictment for arson in four counts. Plea, not guilty. Trial by jury at the June term, 1894, Orange county, Ross, C. J., presiding. Verdict guilty. The respondent excepts.

*R. M. Harvey* and *J. K. Darling* for the respondent.

The confession was not voluntary, and should not have been admitted. *State* v. *Day*, 55 Vt. 510; *State* v. *Walker*, 34 Vt. 296; *State* v. *Phelps*, 11 Vt. 116.

His physical condition was such as would render it inadmissible. *Vaughn* v. *Commonwealth*, 17 Gratt. (Va.) 576;

*People* v. *Ah How*, 34 Cal. 218; *State* v. *York*, 37 N. H. 175; *State* v. *George*, 15 La. Ann. 145; *Com.* v. *Curtis*, 97 Mass. 574; *McGlothlin* v. *State*, 2 Coldw. (Tenn.) 223.

*George L. Stowe*, State's Attorney, for the State.

It was for the county court to determine whether the confession was admissible. *State* v. *Phelps*, 11 Vt. 116; *State* v. *Walker*, 34 Vt. 296.

ROWELL, J.   The prisoner's confession to Mrs. Parish was made when he was shackled and in custody, without counsel, and expecting to die from the effects of poison taken after his arrest.   Testimony was introduced by both sides on the preliminary inquiry whether the confession was voluntary or whether Mrs. Parish held out inducements to the prisoner and thereby obtained it.   The court found that the confession was made of the prisoner's own motion, without any inducement, and admitted it in evidence.   The prisoner excepted to its admission, and especially because it was made when he was without counsel, and also excepted to the court's determining from the testimony whether it was voluntary or obtained by inducements, and to be admitted or rejected accordingly.

It will be seen from the cases cited in the note to *Daniels* v. *State*, 6 Am. St. Rep. 243, and from *State* v. *Patterson*, 73 Mo. 695, 707, and *Jackson & Dean* v. *State*, 69 Ala. 249, that none of the circumstances in which the confession was made, it being voluntary, rendered it inadmissible.   In the case last cited, confessions were admitted that were made while the accused were in prison, to an officer in authority, in the absence of friends and counsel, it appearing that no threats nor promises were made.   There are some cases to the contrary, but we are not inclined to follow them, as we regard them opposed to the weight of authority and to the reason of the thing.   But of course the circum-

stances in which a confession is made are always to be considered in determining its weight as evidence, although they do not make it incompetent testimony.

It is for the trial court and not for the jury to say whether a confession is admissible or not; and if the testimony on that preliminary inquiry is conflicting, the decision of that court is final; but if not conflicting, its decision admitting the confession is revisable here. This is not denied ; but it is strenuously claimed that this case comes within the latter part of this rule, for that the undisputed testimony of the witness Hyzer shows that he had a talk with the prisoner just before he confessed to Mrs. Parish, wherein he told the prisoner that if he did it, it would be very much better for him to make a clean breast of it. This point was argued by both sides as though Hyzer testified on the preliminary inquiry, whereas the fact is, as shown by the testimony, that he did not testify on such inquiry, nor testify at all until he was called by the prisoner when putting in his testimony on the main case, and the prisoner's testimony does not show that he claimed to have been influenced in the least by what Hyzer said to him. Besides, it does not appear that the court was asked when Hyzer's testimony came in to then exclude the confession, nor to take any other action in view of his testimony. It appears, therefore, that the matter of Hyzer's testimony on this point affords no ground for the argument based upon it.

On cross-examination of the officer who arrested the prisoner and who hoped for the rewards that had been offered, the prisoner's counsel were not permitted to ask the witness whether he thought certain things to which he had testified, mostly in chief, were suspicious circumstances. It does not appear that the witness had testified to having had his suspicions aroused, nor to having done anything by reason of his suspicions, nor that he characterized as suspicious anything to which he had testified, but rather the contrary ap-

pears. The matter falls, therefore, within the rule that a witness is not to give his opinion nor to characterize his testimony, because it is irrelevant.

The court told the jury that if one purposely burns his own buildings or the buildings of another, designing it to be shown to be an accidental fire and the insurer made to pay the loss, he intends to defraud the insurer. It then went on to say that if they found the prisoner guilty under the first count, which was for burning the barn and outbuildings, they would probably be pretty likely to find him guilty under the fourth count also, which was for burning said buildings with intent to defraud the insurance company. To this last statement the prisoner excepted, but it was not error. It can scarcely be conceived that the jury would not do that; but it was left wholly to them to say whether they would or not.

The testimony tended to show that the prisoner had tried to sell the farm and personal property to two or more persons, and he admitted on the stand that he had tried to sell it to two of those persons. The court told the jury that there seemed to be no controversy but that the prisoner, at the time in question, was anxious to dispose of the property; to which he excepted. While the court should not in its charge assume as true matters that are in dispute, yet it may assume as true matters that are not in dispute, or matters that were at first in dispute but in the course of the trial have come not to be in dispute, but to be tacitly or otherwise treated as true by both sides, and the case thereafter tried on that theory. When a change of this kind takes place, as often happens, the court may treat the case in this regard as the parties have treated it, and charge accordingly. It does not appear that the court did more than that in this case. Indeed, it is to be assumed that what the court said in this regard was true, it not appearing to be untrue.

The testimony is not made a part of the exceptions on this point.

The prisoner admitted on the stand that he made the confession testified to by the witnesses on the part of the state, but said it was all false. At the time he made the confession there had been no examination before the magistrate, and it did not appear that he knew what evidence the state claimed to have against him. The court told the jury that when considering the confession they had a right to say whether it was probable that at that time the prisoner, in his condition and prospects, would have gotten up and concocted a false story that would fit right into all the surrounding circumstances as this one did—whether he could in that short time have concocted this story and had it fit into the burning, to hearing the team go by, going to bed and staying till his sister called him up, spilling the kerosene oil, carrying off his clothes, making tracks, and all those things, just what they found he did say, and yet it all be false. The prisoner excepted to this, and says that the "surrounding circumstances" were neither admitted nor agreed upon, and that therefore the court could not say that the confession fitted into them. This criticism might have force if it appeared that the circumstances alluded to by the court were not, practically, undisputed; but as it does not thus appear, it is without force.

The jury, after being out all night, came in disagreed, but wanted no further instructions. The court, however, said to them that they had some occasion to inquire whether there might not possibly have been some other party around there, but that that was not the question to be tried; that the only question to be tried was, whether the fire was a criminal fire and the prisoner the criminal; that the other question that there was some suggestion of by some of the testimony had not been investigated and could not be investigated, except to say that it showed that it

might be probable or possible that it was a criminal fire and someone else had to do with it.

If this amounted to charging the element of another's guilt out of the case, or if there is fair ground for thinking that the jury may have so understood it, it would be error. But it is considered by a majority of the court that it did not amount to that, and that there is no fair ground for saying that the jury may have thought it did. It is to be presumed that proper instructions had been given on this point before; and this additional instruction put the matter in its true light when it said that the scope of that inquiry was, if the fire was criminal, whether someone else had to do with it. It was not necessary for the jury to be told in order to know that the more the testimony showed against another the less it showed against the prisoner; but if it was necessary it is to be presumed that they had already been told that. There was no error here.

The court returned the jury for further consideration, and in doing so said to them, lest they should think its action unreasonable, that the trial had occupied five days; that the testimony was lengthy, covered a good many points, had been fully discussed, and could be looked at in many different lights; that it was important to the prisoner and to the state that the case should be determined; that it had been quite expensive to the state, and that that expense ought not to be thrown away if it could be avoided; that the court had to have these considerations in mind when a jury asked to be discharged, and that the court thought the jury should have them in mind. It is claimed that by this the court injected into the case the element of expense to the state as a proper matter to influence an agreement. But we do not so regard it. It is manifest that the court intended merely to reconcile the jury to a return, and to quicken them to a renewed effort to make true deliverance between the state and the prisoner according to the evidence and

the laws, as they had sworn to do; and there is no fair ground for supposing that they understood it otherwise, as a majority think.

*There is no error in the proceedings, and the prisoner takes nothing by his exceptions.*