STATE v. EDWARD TANNER.

November Term, 1920.

Present:   WATSON, C. J., POWERS, TAYLOR, MILES, and SLACK, JJ.

Opinion filed November 13, 1920.

*Charge as to Expense of Retrial.*

There was no error where, on the report of a disagreement by the jury
   in a criminal case, the trial court called the expense of a retrial
   and the delay consequent thereon to their attention only as a
   reason why they should give the evidence further consideration,
   and the jury manifestly so understood it.

INFORMATION for adultery. Plea, not guilty. Trial by
jury at the March Term, 1920, Franklin County, *Moulton*, J.,
presiding. Verdict, guilty. Judgment on the verdict. The
respondent excepted.

The supplemental charge to the jury on their report of a
disagreement was as follows: "Well, gentlemen, this case is an
important one, a disagreement is a very regrettable thing, and
it means not only an increased expense to the State, but spend-
ing a great deal more time in a possible retrial of the case. Now
the case has been presented to you with a great deal of detail,
everything that there is connected with this case I suppose has
been placed before you, and it seems that twelve men ought to
be able to agree on it one way or another, if they make another
effort to do so. So I think you had better retire again, it is
early in the day yet, and give this matter a little further consid-
eration, give it very thorough consideration, and see whether you
can't agree on this matter, as I am sure you can, if you look at it
again. Weigh everything there is in the case, remember the in-
structions that I gave you. I am quite positive, we all are, that
you can reach an agreement, and save the unfortunate result of
a disagreement of this case. So you will retire again, gentlemen,
and give it such consideration as you can conscientiously, which
it ought to receive, that is, pretty thorough consideration."

*Wm. R. McFeeters* for the respondent.

*A. B. Rowley,* State's Attorney, for the State.

WATSON, C. J.· When the jury reported a disagreement there was nothing said by the court of a nature to coerce an agreement, nor as to what their verdict should be. The expense of a retrial, and the delay consequent thereon, were called to their attention only as a reason why they should give the evidence further consideration. Manifestly the jury so understood it, for after retiring for such purpose they returned to the court room and requested that the testimony of two certain witnesses be read by the stenographic reporter; and, on hearing such testimony read, the jury again retired, soon thereafter returning a verdict of guilty. We see nothing in the action of the court, of an improper nature, nor to differentiate the case from that of *State* v. *Gorham,* 67 Vt. 365, 31 Atl. 845.

*Judgment that there was no error in the proceedings, and that the respondent take nothing by his exception. Let execution be done.*