## State of Vermont v. Carroll L. Perry

[306 A.2d 110]

No. 148-71

Present: Shangraw, C.J., Barney, Smith, Keyser and Daley, JJ.

Opinion Filed June 5, 1973

338

*Robert I. Tepper,* State's Attorney, for the State.

*Langrock & Sperry,* Middlebury, for Defendant.

**Barney, J.** In the course of a burglary in Shrewsbury the owner unexpectedly appeared and was shot and wounded.

The respondent was accused of being one of the participants, and was charged with assault and armed robbery, and with breaking and entering in the nighttime. After a three day trial the jury found him guilty of the breaking and entering charge, but could not reach a verdict on the assault and armed robbery charge.

On appeal, the respondent first urged that the failure to honor his motion for a hearing on probable cause was error. This Court concurred, and remanded the matter for such a hearing on the authority of *Swenson* v. *Stidham,* 409 U.S. 224, 93 S.Ct. 359, 363, 34 L.Ed.2d 431, 436 (1972). See *State* v. *Perry,* 131 Vt. 75, 300 A.2d 615 (1973). The hearing was held, the issue of probable cause adequately tested, and its presence confirmed by findings based on evidence. With the facts and conclusions now before us, it is clear that the existence of probable cause is fully demonstrated, and the right to have the issue judicially examined in response to motion has been fulfilled. See *In re Morris,* 126 Vt. 297, 298, 229 A.2d 244 (1967).

The matter having been promptly remanded here, the other issues in the case can now be considered. The respondent claims that the jury, having revealed that it was having difficulty reaching a verdict, was improperly coerced into agreement by a charge from the trial court. The jury had deliberated several hours, and at 8:30 P.M. it informed the trial court that it was having problems. Just at that point the trial judge interrupted, and reminded the jurors that a failure to reach a verdict brings about a mistrial, which puts the respondent and the state to the burden of a retrial, with no assurance that any other jury could do any better. So saying, the judge then asked them to deliberate another half hour to see if they could arrive at a verdict on either or both of the charges. Shortly before the expiration of that time the jury reported a disagreement on the armed robbery count, but that a verdict of guilty had been reached on the breaking and entering charge.

The respondent claims that this instruction to the jury so closely resembles the famous charge reported in *Allen* v. *United States,* 164 U.S. 492 (1896), as to be subject to condemnation. That condemnation has not come from the United States Supreme Court, which upheld the charge in the *Allen*

case, but from other jurisdictions and numerous commentators. See, *e.g.*, ABA Project on Minimum Standards for Criminal Justice, *Trial by Jury*, § 5.4, Commentary.

█ █  The *Allen* charge criticisms are well-founded, and the use of such a charge that departs from the substance of the ABA Standards just noted is disapproved. Whether, in a given case, reversible error can be predicated on the use of such a charge must be tested by the circumstances, however. See *State* v. *Jackson*, 127 Vt. 237, 238, 246 A.2d 829 (1968).

█ █  The condemnation of the *Allen* charge has two aspects. The first is that it seems to make the duty of a juror to reach a verdict so strong an obligation that he must compromise his convictions to do so. The second is that it similarly lays a burden on the minority of a divided jury not only to reexamine their position, which is proper, but seemingly to yield those convictions produced in them by the facts, when the same facts bring the majority to an opposite result. Missing is a balanced appeal to the majority to reexamine the validity of their position, and an injunction not to abandon honest convictions merely to reach a verdict. After all, the burden is on the state to persuade an entire jury of guilt. Whether its failure to do so is partial, as in a disagreement, or total, as in a not guilty verdict, the respondent is entitled to the benefit of the consequences. All of these concerns are more safely met by the language in ABA Standards, *supra*, § 5.4(a).

█  But the charge given here was not the *Allen* charge. It did not urge, in any way, the convictions be abandoned, or honestly held positions be accommodated, for verdict purposes. It merely called to the jury's view the undeniable fact that the responsibility of decision in this case is theirs, and of great importance to the parties, and justified their best efforts to avoid a failure to resolve the issues, if that was morally possible. This concern has been previously recognized as proper in our law. *State* v. *Tanner*, 94 Vt. 492, 493, 111 A. 632 (1920); *State* v. *Gorham*, 67 Vt. 365, 371–72, 31 A. 845 (1894).

The fact that the supplemental charge here took the form of an instruction to consider the issues another half hour does not, in the light of the hours of deliberation already undertaken, make the time coercively brief. It is more often argued that prolonging deliberations unduly is coercive. In either particular, a judgment as to improper effect must be based on the circumstances of the case under consideration. We find no prejudice here.

Nor are we persuaded that the respondent's claim that the verdict should be set aside as tainted by compromise is valid. Indeed, there is at least an inference in the interrupted comments of the foreman reporting the original disagreement to the judge that the jury may well have already reached its ultimate verdict at that time. The additional thirty minutes, if that were so, would merely represent an unsuccessful attempt to resolve the disagreement on count one. In any event, the relationship of the two charges is not such as to compel, or necessarily suggest, a conclusion of compromise by the verdicts rendered. In effect, the jury found the respondent to be one of those who broke and entered, but was unable to agree that he was responsible for the injury to the owner. Since the verdict itself raises no inference of compromise, and the charge, as a matter of law, does not justify that conclusion, there is no legal basis for setting aside the verdict. The trial court's denial of the motion for a new trial must be sustained.

█ Upon remand, a new issue arose. The judge who reviewed the probable cause issue also, in response to respondent's motion, after hearing, dismissed the charge that was subject to retrial because of the failure of the jury to agree on a verdict. This action is attacked by the state as unsupportable. In view of the limited nature of the remand from this Court, the action was technically outside the authority of the tribunal at that point.

However, although Administrative Order No. 17, requiring the prompt disposition of criminal charges, is a directive out of this Court pursuant to its administrative authority, responsibility for its exercise must rest with the trial courts. It is for them to determine, in each case, in line with the discretion afforded under the order itself, whether or not

continuance or dismissal shall result. *State* v. *Dragon*, 130 Vt. 570, 573, 298 A.2d 856 (1972). So long as such a decision is not based on improper or illegal considerations, and has reasonable foundation, this Court will not intervene.

Since such issues are appropriate for the trial court rather than this Court, resolution of a request for dismissal made here may, in many instances, be best served by a remand for review of factual considerations, if the issues are not so clear as to permit a ruling as a matter of law. Since the court below has already fully acted in this capacity, and its decision is adequately justified, even though beyond its mandate, we will accept its conclusions as advisory, and confirm its order of dismissal by our entry.

*Count one is dismissed. Judgment on the verdict of guilty as to count two is affirmed.*