The PEOPLE of the State of Colorado, Plaintiff-Appellee,

v.

Jennifer Lee ALLEN, Defendant-Appellant.

No. 80CA0323.

Colorado Court of Appeals, Div. I.

Sept. 24, 1981.

Rehearing Denied Oct. 22, 1981.

Certiorari Granted Nov. 30, 1981.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., William Morris, Asst. Atty. Gen., Denver, for plaintiff-appellee.

J. Gregory Walta, Colo. State Public Defender, Barbara S. Blackman, Deputy State Public Defender, Denver, for defendant-appellant.

COYTE, Judge.

Defendant, Jennifer Lee Allen, appeals the judgment of the trial court entered upon a jury verdict finding her guilty of introducing contraband, i. e., marijuana, into a detention facility. We affirm.

Defendant was charged with four counts of introducing contraband in the first degree in violation of § 18–8–203(1)(a), C.R.S. 1973 (1978 Repl. Vol. 8). She testified at trial that she had mailed marijuana to the penitentiary because her husband, an inmate at the penitentiary, told her that he would be killed if she did not do so.

After being instructed by the court and hearing closing arguments of counsel, the jury retired to deliberate at 11:30 a. m. At 9:45 that night, the court inquired of counsel whether they objected to him calling the jury in to check their progress. The district attorney objected, although defense counsel did not. Upon being called into the court, the jury foreman informed the judge that he did not think there was a possibility of reaching a verdict. In the jury's absence, the court indicated to counsel that the jury would have another hour to deliberate, and immediately thereafter it informed the jury, "I think, ladies and gentlemen, I'll ask you to deliberate again until roughly ten o'clock. If you haven't reached a verdict at that time I'll bring you back in and declare a mistrial." Fifteen minutes later, the jury returned a verdict of guilty on all counts.

Defendant contends that the trial court's imposition of a time limitation on further jury deliberations coerced the jury into reaching a verdict. We disagree.

■ As a preliminary matter, the People contend that defendant who failed to make a contemporaneous objection to the trial court's remarks, waived any error. The People cite *People v. Lovato*, 181 Colo. 99, 507 P.2d 860 (1973) for the proposition that, absent contemporaneous objection an appellate court will not consider defendant's allegations of error regarding supplemental instructions to a deliberating jury concerning the jury's duty to return a verdict. Assuming without deciding that the "contemporaneous objection" rule is applicable to the "Allen" charge situation in *Lovato*, we conclude that the rule does not apply here.

First, here there was no "Allen" charge; rather, there were extemporaneous oral communications by the judge to the jury imposing a time limit to the jury's deliberations.

Second, the trial court first suggested to counsel outside the presence of the jury that if a verdict was not possible it would allow the jury to deliberate approximately another hour. However, later in the presence of the jury the trial court, without objection from counsel, told it to deliberate until ten o'clock, a period of approximately fifteen minutes. Under these circumstances, defendant's contention of error, which was raised in her motion for new trial, is properly before this court. Crim.P. 33(a).

Communications from a judge to the jury are coercive if they possess a substantial propensity to pressure the jurors to surrender conscientious beliefs and reach a verdict on some basis other than their conscientious beliefs, *e. g.*, compromise or expediency. *See Lowe v. People*, 175 Colo. 491, 488 P.2d 559 (1971). *See generally Jenkins v. United States*, 380 U.S. 445, 85 S.Ct. 1059, 13 L.Ed.2d 957 (1965). A time limit like other factors in determining coercion must turn on the circumstances of each case. This decision is within the sound discretion of the trial court. *See Higgins v. State*, 493 P.2d 1121 (Ok.Crim.App.1972).

Here, the trial court properly inquired of the jury foreman in the presence of both counsel whether there was any possibility that the jury could reach a verdict. *See People v. Austin*, 185 Colo. 229, 523 P.2d 989 (1974). Also, it was proper for the trial judge to remind the jury that a verdict would be helpful, if possible. *Barriner v. District Court*, 174 Colo. 447, 484 P.2d 774 (1971); *Higgins v. State, supra.* The court's remarks were neutral, leaving it to the jury to decide what verdict to reach, if any.

Finally, the trial court was properly concerned that the jury not deliberate too long, which may, in some circumstances, be coercive. *See State v. Perry*, 131 Vt. 337, 306 A.2d 110 (1973); *Annot.* 93 A.L.R.2d 627 (1964).

The mere fact that the trial court in effect allowed the jury approximately an additional fifteen minutes to deliberate does not make the time coercively brief. *Higgins v. State, supra; State v. Perry, supra.*

Here, defense counsel did not make a timely objection to the proceedings, and the trial court was careful to adopt a neutral position, favoring neither the prosecutor nor the defense. Thus, under these facts, the overall comments of the trial court were not such as to pressure the jury into reaching a verdict improperly, and there was no error in the trial court's denial of defendant's motion for a new trial.

Judgment affirmed.

STERNBERG and KIRSHBAUM, JJ., concur.