## State of Vermont v. Peter J. Powell

[608 A.2d 45]

No. 89-627

Present: **Allen, C.J., Gibson, Dooley, Morse and Johnson, JJ.**

Opinion Filed April 3, 1992

*Peter R. Neary*, Rutland County Deputy State's Attorney, Rutland, for Plaintiff-Appellee.

*Robert Katims* of *Martin & Paolini*, Barre, for Defendant-Appellant.

**Gibson, J.** Defendant Peter Powell appeals his conviction for assault and robbery, 13 V.S.A. § 608(a). He argues that the district court erred in refusing to instruct the jury that, if it had a reasonable doubt on whether he was guilty of assault and robbery or one of its lesser-included offenses, it must find him guilty only of the lesser offense. Defendant also argues that the court erred in its transitional instruction between the greater and lesser offenses. We affirm.

The State charged that defendant committed assault and robbery by stealing money from the victim while threatening him with a knife. Defendant denied the incident. Alternatively, he presented a diminished-capacity defense, arguing he was so impaired at the time that he could not form the requisite criminal intent. This argument was based on defendant's claim that he and the victim had drunk heavily and smoked crack cocaine during the day, and that he had injected himself in private with a mixture of cocaine and heroin. The State conceded that defendant had been drinking, but contested his claim of drug use. The jury found defendant guilty as charged.

## I.

Assault and robbery is committed by one who "assaults another and robs, steals, or takes from his person or in his presence money or other property which may be the subject of larceny." 13 V.S.A. § 608(a). The crime consists of the combined elements of assault and larceny. See *State v. Francis*, 151 Vt. 296, 307, 561 A.2d 392, 398-99 (1989). Thus, in the present case, the State's burden was to prove that defendant intentionally put the victim in fear of imminent, serious bodily injury and intentionally deprived him of money, intending to do so permanently. See *id.* The court charged that if the State proved that defendant intended only one of these results, he would be guilty

of simple assault or petit larceny, but not the more serious combined offense.

Defendant requested the court to instruct the jury as follows:

> You are instructed that if the defendant could be convicted of a lesser offense, in case of a reasonable doubt between greater or lesser offenses, you must convict the defendant of the lesser offense only. This is because common principles of humanity and justice create a duty first, to pronounce the defendant innocent until proven guilty beyond a reasonable doubt; and, secondly, after the defendant is shown to have committed an unlawful act, to look for every excuse which may reduce the guilt to the lowest point consistent with the facts proven.

The court refused. Instead, it gave the jury a general instruction on the presumption of innocence and the necessity that defendant be convicted only on proof beyond a reasonable doubt. The court explained the elements of assault and robbery and the relevance of defendant's intoxication to his capacity to form criminal intent. It instructed the jury to decide whether the State had met its burden of proof on each element of assault and robbery, and to stop its deliberations if it found defendant guilty. If the jury were to find defendant not guilty of assault and robbery, the court charged, it should then consider the lesser-included offenses. The court explained the elements of simple assault, reiterated defendant's diminished-capacity claim, and told the jury to decide whether the State had met its burden on each element of that offense. The court repeated this procedure in its instruction on petit larceny and reminded the jury not to consider the lesser-included offenses unless it found defendant not guilty of assault and robbery.

Defendant argues these instructions violated *State v. Duff*, 150 Vt. 329, 554 A.2d 214 (1988). In *Duff*, this Court reversed the defendant's murder and attempted-murder convictions, finding plain error in the trial court's instruction on the lesser-included offense of voluntary manslaughter. The instruction improperly set out the elements of the offense and omitted defendant's claim of diminished capacity. *Id.* at 333, 338, 554 A.2d at 216, 219.

The *Duff* Court also found error in two other aspects of the trial court's instructions, which are material herein. First, the

trial court refused to instruct the jury that if it found beyond a reasonable doubt that the defendant was guilty of homicide, the crime was presumed to be of the lesser degree, i.e., manslaughter, unless the jury was convinced beyond a reasonable doubt that the crime was committed with malice. This Court rejected the trial court's ruling that there was no presumption between greater and lesser-included offenses, and adopted the following rule:

> "If the defendant could be convicted of a lesser offense, the jury should be instructed that, in case of a reasonable doubt between the degrees or offenses, it may convict of the lesser only; a general instruction that the defendant's guilt must be established beyond a reasonable doubt is not sufficient."

*Id.* at 335, 554 A.2d at 217 (quoting 4 Wharton's Criminal Procedure § 545, at 32 (12th ed. 1976)).

Second, the *Duff* Court found error in the trial court's transitional charge, which instructed the jury to consider murder and its lesser-included homicide offenses in descending order of severity. The trial court instructed the jury to move on to the lesser offenses only if it had a reasonable doubt as to the elements of the greater. We noted that "[s]uch an instruction in effect mandates the jury to reach a verdict with respect to the offense charged before considering a lesser-included offense," and presents "a serious due process issue" because it may prevent the jury from considering the lesser-included offenses. *Id.* at 335–36, 554 A.2d at 218. The Court concluded that trial courts should give the "less rigorous" transitional instruction, which allows the jury to move on to lesser-included offenses if it is unable after "all reasonable efforts" to reach a verdict on the greater offense, unless the defendant requests the "more rigorous" charge. *Id.* at 336, 554 A.2d at 218. The Court noted that each instruction has advantages and disadvantages for the defendant: under the more rigorous charge the jury either will convict of the more serious offense or will find the defendant not guilty of any offense; under the less rigorous charge, the jury is more likely to convict the defendant, but of a lesser offense. *Id.*

■ Defendant argues that *Duff* required the court to give the less rigorous charge unless he requested otherwise. De-

fendant concedes, however, that he made no objection at trial; thus we need look only for plain error. The *Duff* Court concluded that use of an improper transitional charge would not in itself constitute plain error. 150 Vt. at 338, 554 A.2d at 219. We see no reason to depart from this holding. Ordinarily, that would dispose of the issue, but because we perceive a need to clarify the holding in *Duff*, we shall consider defendant's argument on its merits.

In *Duff*, we concluded that a trial court should give the less rigorous transitional charge unless the defendant requests the more rigorous charge. The *Duff* Court relied on the rule set forth in *United States v. Tsanas*, 572 F.2d 340, 346 (2d Cir. 1978), stating, "We now adopt it as our rule." *Duff*, 150 Vt. at 337, 554 A.2d at 218. The *Tsanas* rule, however, allows the trial court to give either the more or the less rigorous charge, unless the defendant requests one or the other. *Tsanas*, 572 F.2d at 346. The *Tsanas* court reasoned that neither charge was "wrong as a matter of law. The court may give the one that it prefers if the defendant expresses no choice. If he does, the court should give the form of instruction which the defendant seasonably elects." *Id. Tsanas* allowed the defendant to choose the one he preferred because "[i]t is his liberty that is at stake, and the worst that can happen to the Government under the less rigorous instruction is his readier conviction for a lesser rather than a greater crime." *Id.*

The trial court herein gave the more rigorous charge, explicitly instructing the jury not to consider the lesser-included offenses unless it found defendant not guilty of assault and robbery. Inasmuch as defendant claimed that the assault and robbery never occurred, he has not shown that he was prejudiced by the instruction. He could have requested the less rigorous instruction at the charge conference or objected to the more rigorous charge when it was given. Instead, he apparently made a tactical decision to seek outright acquittal, and he cannot now claim error based on this decision. Cf. *State v. Grenier*, 158 Vt. 153, 156–57, 605 A.2d 853, 856 (1992) (defendant could not claim error where court gave his requested lesser-included-offense instruction, and he was convicted of the lesser offense). To the extent that *Duff* requires a trial court to give the less rigorous charge in the absence of any request by the defendant, it is overruled.

## II.

Defendant also argues that *Duff* required the trial court to instruct the jury to find him guilty only of simple assault or petit larceny if it had a reasonable doubt as to whether he was guilty of assault and robbery or a lesser-included offense. See *Duff*, 150 Vt. at 335, 554 A.2d at 217. Defendant preserved this claim of error, but we conclude that it does not provide grounds for reversal herein.

The rule requiring defendant's requested instruction on reasonable doubt between offenses has a long history, but the cases cited to support it in the authorities relied upon by defendant show that it has rarely led to reversal. See cases cited in *Duff*, 150 Vt. at 335, 554 A.2d at 217; 4 Wharton's Criminal Procedure § 545, at 32 n.87. But cf. *People v. Dewberry*, 51 Cal. 2d 548, 556–57, 334 P.2d 852, 856 (1959) (failure to give instruction on reasonable doubt between second-degree murder and manslaughter held reversible error). Nor is the instruction strictly logical. A jury cannot convict a defendant of any offense if it has a reasonable doubt as to his guilt. Thus, to say that the jury must convict of a lesser-included offense if it has a reasonable doubt as to whether the defendant is guilty of a greater offense is redundant; if the jury is in doubt about the greater offense, it simply cannot convict of that offense. In effect, the benefit-of-the-doubt instruction tells the jury to "take a second look" once it has decided to convict of the greater of two offenses.

The "reasonable doubt between offenses" instruction reflects concern that a general instruction on reasonable doubt is not adequate to preserve the presumption of innocence when the jury must consider multiple offenses or degrees of an offense. In the instant case, however, that concern is not well founded. The court initially instructed the jury that the presumption of innocence prevails throughout the trial. In addition, the court repeated that the State had to prove each element of each offense beyond a reasonable doubt when it instructed on assault and robbery and on the two lesser-included offenses. The charge thus provided far more than a general instruction on reasonable doubt, and we conclude that the charge could not have led the jury to convict defendant of assault and robbery for any reason except that it was convinced beyond a

reasonable doubt that he was guilty as charged. See *Benavides v. State*, 763 S.W.2d 587, 589 (Tex. Ct. App. 1988) (no uncertainty on how to resolve doubt in similar charge on aggravated assault and lesser-included offense, robbery). As long as a court specifically instructs the jury as to each offense charged that it must not convict unless it is convinced of the defendant's guilt beyond a reasonable doubt, the "reasonable doubt between offenses" instruction is not required. To this extent, too, *Duff* is overruled.

*Affirmed.*