CAPITAL SAVINGS BANK & TRUST COMPANY *v.* E. W. HAMMETT.

January Term, 1921.

Present: WATSON, C. J., POWERS, TAYLOR, MILES, and SLACK, JJ.

Opinion filed February 9, 1921.

*Irregular Service on Nonresident after Valid Attachment not Ground for Dismissal of Action—Motion to Dismiss Confined to Record—Presumption that Continuances of Case Were Granted for Good Cause—Motion to Dismiss for Want of Prosecution Addressed to Court's Discretion—Refusal to Dismiss Case After Delay of Five Years not Abuse of Discretion.*

1. In an action against a nonresident defendant whose real estate was attached by admittedly valid process, irregular or defective service on the defendant would not entitle him to a dismissal of the action, but a new notice could be issued and served.

2. The effect of a motion to dismiss is confined to what appears on the face of the record.

3. The presumption of regularity, which applies to all the proceedings in a case, requires the presumption, the contrary not appearing, that the continuances of a case from term to term for five years were granted on good cause therefor being shown.

4. In such case, a motion to dismiss can be given effect only as a motion to dismiss for want of prosecution, which is addressed to the discretion of the court, and is reviewable only when abuse of discretion is shown.

5. While allowing a case to slumber on the docket for five years indicates a lack of diligence warranting its dismissal, there is no hard and fast rule governing such matters, and the denial of a motion to dismiss cannot be held an abuse of discretion in the absence of the explanation for the delay.

ACTION OF CONTRACT against a nonresident, wherein service was made by attaching as property certain real estate in the State, and leaving for him a copy of the writ with L. C. Hammett, his agent and attorney. The case was entered at the March Term, 1915, Washington County Court, and was continued from term to term until the March Term, 1920, when an order of notice was issued and served upon the defendant in New York. Heard on defendant's motion to dismiss at the September Term, 1920, *Wilson,* J., presiding. Motion overruled. The defendant excepted.

*Theriault & Hunt* for the defendant.

*H. C. Shurtleff* for the plaintiff.

POWERS, J. This is an action of contract against a nonresident defendant, wherein service was made by attaching as his property certain real estate in the town of East Montpelier and leaving for him a copy of the writ with L. C. Hammett, his agent and attorney. The case was entered at the March term, 1915,

of the Washington county court, and without further service on or notice to the defendant, it was continued from term to term until the March term, 1920, when an order of notice was issued and served upon the defendant in the state of New York. Thereupon he appeared specially and filed a plea in abatement based upon the following grounds:

(1)    That no legal service of the process had been made upon him.

(2)    That he had never been legally notified of the pendency of the action.

(3)    That the order of notice and the proceedings thereunder were, for the various reasons specified, of no effect and void.

When this plea came on for hearing in the court below, an oral motion to dismiss was substituted therefor, which, being argued and considered, was overruled. The defendant excepted, and the cause was passed to this Court before trial.

[1]    Conceding, but not deciding, that in all other respects pointed out by the defendant the proceedings were irregular and defective, the motion was properly overruled, unless the continuance of the case, in legal consequence, amounted to a discontinuance thereof; for, the regularity of the attachment being unquestioned, the only purpose of the attempted notice was to enable the plaintiff to proceed against the property attached as in an action *in rem*, and if the action was still pending and no sufficient service on the defendant was obtained in this attempt, new notice could be issued and served.

[2, 3]    The effect of the motion to dismiss is confined to what appears on the face of the record. *Tracy* v. *Grand Trunk Ry. Co.*, 76 Vt. 313, 57 Atl. 104. So the question is: Does the mere continuance of a case from term to term for five years work a discontinuance thereof? The defendant relies on *Paddleford* v. *Bancroft*, 22 Vt. 529. But all that is held in that case is that such a continuance without the consent of the defendant or other just cause discontinues the suit. In the case in hand the presumption of regularity, which applies to all the proceedings in a case, requires us to assume, the contrary not appearing, that these continuances were granted on good cause therefor being shown. Then, too, *Paddleford* v. *Bancroft* is to be read in the light of what is said of it in *Aldrich* v. *Bonett*, 33 Vt. 202, where its application is limited and explained.

4

[4, 5]   It follows that the motion before us can be given effect only as a motion to dismiss for want of prosecution. As such, it is addressed to the discretion of the court, and is reviewable only when abuse of discretion is shown. *Blickenstaff* v. *Cowgill,* 58 Ind. App. 378, 106 N. E. 376; *Cabinet Makers' Union* v. *Napa County,* 36 Cal. 585, 95 A. D. 213; *Colorado Eastern Ry.* v. *Union Pac. Ry. Co.,* 94 Fed. 312, 36 C. C. A. 263. Allowing a case to slumber on the docket for a period of five years indicates a lack of diligence warranting its dismissal; but there is no hard and fast rule governing such matters and this delay was open to explanation, without which we cannot say that the ruling resulted from an abuse of discretion.

*Affirmed and remanded.*