310 A.2d 30 (1973)
STATE of Vermont
v.
Allen CHAMBERLAIN, Jr., et al.
No. 187-73.
Supreme Court of Vermont.
October 2, 1973.
*31 Kimberly B. Cheney, Atty. Gen., and Robert W. Gagnon, State's Atty., for the State.
Robert J. Kurrle, Montpelier, for defendants.
Before SHANGRAW, C. J., and BARNEY, SMITH, KEYSER and DALEY, JJ.
PER CURIAM.
This is an appeal pursuant to V.R.A.P. 5(b). It concerns the application of Administrative Order No. 17 to certain cases pending in the District Court of Vermont, Unit No. 5, Washington Circuit. The administrative order was a directive to trial courts relating to the dismissal for want of prosecution of criminal cases on the docket for more than six months without being acted upon. The appealing parties here are respondents who have sought to require such dismissal on their own behalf by filing motions to dismiss. The motions were denied below, and the issue is now sought to be heard here. The issues presented are certified to this Court as follows:
"1. If the prosecution fails, after the time period of six months has elapsed from the date of arrest, to file an application for good cause and notice to the defendant-respondent seeking an extension of time for trial, does Administrative Order No. 17 require dismissal of said criminal action?
2. As a secondary consideration does the fact that the State claims that it at all times has been ready for trial within that six month period, without notifying anyone thereof, in any way or manner change the application of Administrative Order No. 17 in this situation?"
It must be understood that Administrative Order No. 17 operates through the authorization given this Court as the administrative head of the judicial branch. It is part of the internal operating procedures set down by this Court with respect to the handling of cases and processing of caseloads. Responsibility for carrying out the order rests with the trial court, subject to administrative accounting here, rather than appellate review at the demand of a *32 respondent. State v. Perry, 131 Vt. ___, 306 A.2d 110 (1973). As such, it confers no additional rights upon individual respondents, nor deprives them of any, insofar as insistence on compliance with its provisions is concerned.
Its implementation lies entirely within the discretionary authority of the trial court and, although the trial court may properly dismiss such overage cases, it is not compelled to do so if it is satisfied that sound reasons in justification of the delay are present to sustain its refusal. In short, the claims of a particular respondent under the doctrine of speedy trial are not predetermined by the operation of Administrative Order No. 17, but must be raised and decided, as heretofore, on a case-by-case basis, according to applicable law and the relevant facts. Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972).
All of the defendants involved in this appeal were charged with misdemeanors, and none were incarcerated pending trial. There have been no delays such as would toll the running of the six months period. The sole reason for delay was the congested criminal docket in the District Court. Defendants have asserted no particular prejudice outside of the length of time involved. The motion to dismiss was brought shortly after the expiration of six months from the date of arrest.
Hearing was had on the motion on April 17, 1973. After hearing both sides, the lower court denied the motion to dismiss on the grounds that all the cases were less than a year old, that all cases including these over six months old had been placed on the list for jury drawing as of May 9, and that the State was prepared to go to trial. Clearly the lower court considered the question of undue delay and consequent prejudice to the defendants. This is all that Administrative Order No. 17 requires him to do. The motion to dismiss was properly denied, based upon the grounds advanced, and within the discretionary authority of the court.
Both certified questions are answered in the negative, and the cause is remanded.