### State of Vermont v. Frederick George Franklin

[396 A.2d 138]

No. 231-77

Present: Barney, C.J., Daley, Larrow, Billings and Hill, JJ.

Opinion Filed November 17, 1978

*Dale O. Gray,* Caledonia County State's Attorney, and *Christopher B. Leopold,* Law Clerk (On the Brief), St. Johnsbury, for Plaintiff.

*James L. Morse,* Defender General, *Charles S. Martin,* Appellate Defender, *David W. Curtis,* Acting Appellate Defender, and *William A. Nelson* (On the Brief), Montpelier, for Defendant.

Barney, C.J. This case must be reversed for failure to accord a speedy trial as required by the Sixth Amendment of the United States Constitution and Chapter I, Article 10 of the Vermont Constitution. The motion to that effect was denied below and the matter went to trial. The defendant was convicted and given a suspended sentence with probation.

The case began when the defendant was cited on September 9, 1975, to appear in court on September 29, 1975. He was charged with cultivating marijuana, with the date of the offense set out as August 30, 1975. On September 29, 1975, he was arraigned. On October 27, 1975, as part of his omnibus hearing form, he moved to suppress the marijuana. This hearing was held on November 5, 1975.

In connection with that suppression motion the defendant filed a memorandum of law on November 26, 1975, the State filed requests for findings of fact and a memorandum of law on December 8, 1975, and the defendant filed a reply brief on January 7, 1976.

Matters sat in that posture until findings of fact and conclusions of law were filed by the trial court on February 9 and mailed to counsel on February 14, 1977. More than a year had passed. It had been more than fourteen months since the hearing.

Defendant, on February 22, 1977, filed a motion to dismiss for lack of a speedy trial. This was the first time the defendant had raised the issue. The trial court took judicial notice of certain facts of record, including the fact that the defendant had, at all times, been free on his own recognizance, made no specific claim of prejudice and filed no earlier speedy trial motion. The denial of the motion to dismiss followed.

The issues raised by the motion to suppress are acknowledged to be difficult. They relate to that uncertain area at the edge of Fourth Amendment protection. The limits of curtilage (see *State* v. *Stewart*, 129 Vt. 175, 274 A.2d 500 (1971)) and the beginnings of "open fields" (see *Hester* v. *United States*, 265 U.S. 57 (1924)) had to be explored. The unsettled state of the law in this area is reflected in Moylan, *The Fourth Amendment Inapplicable* v. *The Fourth Amendment Satisfied: The Neglected Threshold of "So What?"*, 1977 S. Ill. U.L.J. 75. Be that as it may, the obligation to promptly dispose of matters submitted for decision remains a duty of a judge.

Since penalties for delay amounting to the denial of a speedy trial are imposed upon those practicing before the court, it is especially important that the court system itself not be a cause of such delay that this constitutional right to a prompt trial is violated. Administrative Order No. 5 (formerly numbered 17) is for discretionary application by the trial court against prosecutorial delay. *State* v. *Chamberlin*, 131 Vt. 549, 551, 310 A.2d 30 (1973). But where the delay is brought about by the court itself, it is for this Court to review the circumstances and pass upon their impact on the right to a speedy trial on a case by case basis. *State* v. *Dragon*, 130 Vt. 570, 575, 298 A.2d 856 (1972); *State* v. *Girouard*, 130 Vt. 575, 582–83, 298 A.2d 560 (1972).

The passage of over eighteen months from citation to trial, not brought about by the defendant, is so long as to

constitute prejudice as a matter of law and a violation of the defendant's constitutional rights. The fact that thirteen months of that delay represented a period in which the judge failed to determine the suppression issue does not excuse the matter, but on the contrary, compels recognition of the fault as being caused by the court, and requiring relief as soon as raised by the defendant. The defendant's motion to dismiss on the grounds of a deprivation of a speedy trial, made before trial, should have been granted.

*The judgment of conviction is reversed, the information is dismissed and the defendant is to be forthwith discharged from all custody.*