## State of Vermont v. Ervin Snide

[479 A.2d 139]

No. 83-130

Present: Billings, C.J., Hill, Underwood, Peck and Gibson, JJ.

Opinion Filed May 25, 1984

438

*William E. Kraham,* Windham County Deputy State's Attorney, Brattleboro, for Plaintiff-Appellee.

*Frederick J. Glover,* Ludlow, for Defendant-Appellant.

Gibson, J. This is an interlocutory appeal pursuant to V.R.A.P. 5(b), by permission of the District Court of Vermont, Unit No. 6, Windham Circuit. Two questions of law have been certified: (1) whether the case against defendant should have been dismissed with prejudice when the prosecution was not ready to proceed to trial, and (2) whether defendant's case should be dismissed for want of a speedy trial under either Administrative Order 5, 12 V.S.A. App. VIII (A.O. 5), the Sixth Amendment of the United States Constitution or Chapter 1, Article 10 of the Vermont Constitution.

Defendant was involved in an automobile accident on June 27, 1982, and was taken to the hospital for treatment of injuries suffered in the mishap. While at the hospital he was interviewed by an investigating officer and was given a citation for driving under the influence of intoxicating liquor (DUI). 23 V.S.A. § 1201. An information, dated July 20, was filed against him. He was arraigned on July 26, pleaded not guilty and was released on personal recognizance. A trial by jury was scheduled for October 1 and the jury was selected, but not sworn in, on September 28. On October 1 the prosecuting attorney advised the court that he was "unprepared to go ahead" because a witness could not be located and he hadn't "even had a chance to open the file." Defense counsel moved for dismissal based upon the State's lack of preparation. The court dismissed the case without prejudice in spite of defense counsel's request that the dismissal be with

prejudice. No case law, rule or administrative order was cited by the court as authority for the dismissal.

The State served defendant with a new citation for the same offense on November 10, 1982, and he was rearraigned on November 29. On January 6, 1983, defendant filed a second motion to dismiss for lack of a speedy trial. The motion was denied but his subsequent motion for interlocutory appeal was granted.

The issues of law, as framed by the district court, are as follows:

> 1. Whether or not the defendant is entitled to have his case dismissed with prejudice upon failure of the prosecution to be able to go forward with the trial once the jury has been selected and the defendant appears at the time and place appointed, ready to go forward.
> 2. Lack of Speedy Trial.
> The two issues are linked together as follows: But for the dismissal without prejudice October 1, 1982 there would be no need for the motion for dismissal on the basis of denial of speedy trial, January 27, 1983.

I.

Defendant argues that the court's dismissal of his case without prejudice, on October 1, 1982, was pursuant to 12 App. VIII, A.O. 5, § 3, which reads as follows:

> § 3. [Dismissal of complaint.] The prosecution and defense of all cases shall be prepared and ready for trial within six months from the date of arrest. If the State is not ready for trial within that period, it shall present good cause for an extension of time for trial upon proper application and notice to the defendant. Otherwise, on motion of the defendant or the court, of its own motion, after hearing, may order the complaint dismissed.

He believes dismissal under this section should have been *with* prejudice because the purpose of § 3 is to expedite the disposition of criminal cases. He argues that a dismissal without prejudice allows the State to bring another prosecution for the same offense, and, therefore, to evade the intent of the section.

We cannot agree that the court relied upon A.O. 5 when it ordered dismissal. There is no such indication in the record and, in fact, on October 1, 1982, six months had not passed from either the date of the citation or the information. Administrative Order 5 was simply inapplicable.

V.R.Cr.P. 48(b)(2) provides that "[t]he court may dismiss the indictment or information . . . [i]f the court concludes that such dismissal will serve the ends of justice and the effective administration of the court's business." This rule gives the court discretion to dismiss cases when, for example, they are "clogging the calendar and are not being vigorously pursued by the prosecution." Reporter's Notes, V.R.Cr.P. 48 (quoting Federal Advisory Committee Note, 48 F.R.D. 553, 640–41). This authority to dismiss a case is to be distinguished from the authority conferred by A.O. 5, which requires a delay of six months before it becomes operative. Cf. V.R.Cr.P. 48(b)(1) with V.R.Cr.P. 48(b)(2).

Rule 48(b)(2) is analogous to V.R.C.P. 41(b) insofar as it enables the court to dismiss a case for want of prosecution. Before the inception of Rule 41(b), the inherent authority of the court to dismiss a civil case for want of prosecution was recognized by this Court. *Capital Savings Bank & Trust Co. v. Hammett*, 95 Vt. 47, 50, 112 A. 360, 361 (1921). Such a motion "is addressed to the discretion of the court, and is reviewable only when abuse of discretion is shown." *Id.* A motion under V.R.Cr.P. 48(b)(2) is similarly an exercise of the trial court's discretion and, absent abuse, will be upheld on appeal.

The court's order dismissing defendant's case without prejudice was not an abuse of discretion. This is abundantly clear. The reporter's notes to Rule 48(b)(2) observe that, upon a dismissal under this rule, "[t]he prosecution retains the prerogative of reinstituting prosecution provided the dismissal occurs before jeopardy has attached . . . ." The proper dismissal, then, under Rule 48(b)(2), is one without prejudice. We also note that defendant, not the State, moved for dismissal on October 1, 1982, and, at that time, six months had not elapsed. We, therefore, do not agree that the intent

of A.O. 5 was circumvented by the dismissal without prejudice. Based upon the facts of defendant's case, the first certified question is answered in the negative.

## II.

The second certified question, although inartfully framed, asks whether defendant has been denied the right to a speedy public trial.

On January 6, 1983, defendant filed a second motion to dismiss in district court that was denied on January 27, 1983. This motion alleged that "[m]ore than seven (7) months has passed since the date of the offense" and argued the case should be dismissed for lack of speedy trial. The supporting memorandum relied upon A.O. 5 as well as upon common law doctrines. We will examine briefly each theory for dismissal.

## A.

Administrative Order No. 5, formerly No. 17, has been promulgated "to promote the prompt and efficient disposition of criminal cases." This order forms part of the internal operating procedures of the trial courts and neither grants nor deprives a criminal defendant of any procedural or substantive rights. *State* v. *Chamberlin*, 131 Vt. 549, 550–51, 310 A.2d 30, 32 (1973). Although criminal cases should be prepared and ready for trial within six months of an arrest, this order cannot be invoked by defendant as a matter of right, *State* v. *Angelucci*, 137 Vt. 272, 277, 405 A.2d 33, 35 (1979), and a speedy trial violation is not predetermined by its operation. *State* v. *Chamberlin, supra,* 131 Vt. at 551, 310 A.2d at 32.

A.O. 5 does not require a trial court to dismiss a case even if the time parameters have been exceeded. *State* v. *Unwin,* 139 Vt. 186, 195, 424 A.2d 251, 256 (1980), *cert. denied,* 450 U.S. 1033 (1981). Exercise of the order is entirely discretionary, and it is for the trial court to determine, in each case, whether dismissal shall result. *State* v. *Perry,* 131 Vt. 337, 341–42, 306 A.2d 110, 113 (1973). "So long as such a decision is not based on improper or illegal considerations, and has reasonable foundation, this Court will not intervene." *Id.* at 342, 306 A.2d at 113.

We find no abuse of discretion by the trial court when it denied defendant's motion to dismiss for want of a speedy trial based upon A.O. 5.

## B.

Defendant also relies upon federal and state common law—particularly *Barker* v. *Wingo,* 407 U.S. 514 (1972), and *State* v. *Franklin,* 136 Vt. 568, 396 A.2d 138 (1978)—in claiming his speedy trial rights have been violated.

■■ The right to a speedy trial is a constitutional guarantee that cannot be "quantified into a specified number of days or months." *Barker* v. *Wingo, supra,* 407 U.S. at 523. In examining defendant's claim that his speedy trial rights have been violated, at least four factors are relevant: length of the delay, reason for the delay, defendant's assertion of his right, and prejudice to the defendant. *Id.* at 530; *State* v. *Williams,* 143 Vt. 396, 401, 467 A.2d 667, 669 (1983); *State* v. *Unwin, supra,* 139 Vt. at 195, 424 A.2d at 257.

The first factor, length of delay, has been described as a triggering mechanism. *Barker* v. *Wingo, supra,* 407 U.S. at 530; *State* v. *Williams, supra,* 143 Vt. at 401, 467 A.2d at 669; *State* v. *Unwin, supra,* 139 Vt. at 195, 424 A.2d at 257. The delay suffered by a criminal defendant must be of sufficient duration before it becomes presumptively prejudicial and justifies consideration of the remaining factors. *Barker* v. *Wingo, supra,* 407 U.S. at 530. See also *State* v. *Unwin, supra,* 139 Vt. at 195, 424 A.2d at 257 (a delay of more than six months in a case involving an incarcerated defendant is sufficient to trigger an analysis of all factors). The length of delay necessary to justify a balancing of all four factors depends upon the circumstances of each individual case. *Barker* v. *Wingo, supra,* 407 U.S. at 530–31; *State* v. *Dragon,* 130 Vt. 570, 575, 298 A.2d 856, 858 (1972).

We assume, for purposes of this analysis only, that the time for computing a speedy trial violation initially began to run on June 27, 1982, the date of the citation that ordered defendant to answer to possible violations of 23 V.S.A. § 1201. See *Ahmaogak* v. *State,* 595 P.2d 985, 988–89 (Alaska 1979) (under Alaska criminal rules, the service of a citation "which gives a person official notice that he or she is accused of a

crime and is summoned to appear in court" triggers the speedy trial period); see also 13 V.S.A. § 4508 (prosecution begins, for statute of limitation purposes, upon issuance of a citation).

The State argues that the time between the first dismissal on October 1 and the new citation dated November 10 must be excluded from the period of delay in this case. The State is correct that "[o]nce charges are dismissed, the speedy trial guarantee is no longer applicable." *United States* v. *MacDonald,* 456 U.S. 1, 8 (1982). After dismissal, a defendant is no longer an "accused" and has, therefore, no constitutional speedy trial rights during the interim period. *Arnold* v. *McCarthy,* 566 F.2d 1377, 1383 (9th Cir. 1978); *United States* v. *Martin,* 543 F.2d 577, 579 (6th Cir. 1976), *cert. denied,* 429 U.S. 1050 (1977). The question becomes, then, whether the time between the October 1 dismissal and the initiation of new charges must be excluded from the accrued period of delay or whether the time period for speedy trial purposes begins to run anew on November 10. See, e.g., Annot., 30 A.L.R.2d 462 (1953). Cf. *United States* v. *Dennis,* 625 F.2d 782, 793 (8th Cir. 1980) (under Speedy Trial Act, 18 U.S.C. § 3161(h), when first indictment is dismissed at defendant's request, time period runs anew with reindictment; when dismissal is at government's request, the period is merely tolled); *Wade* v. *State,* 381 So. 2d 1057, 1059 (Ala. Crim. App. 1980) (a new indictment gives rise to a new time period under Alabama common law); *State* v. *Rose,* 121 Ariz. 131, 589 P.2d 5, 11 (1978) (by criminal rule, speedy trial limits begin anew absent bad faith by prosecution or prejudice to accused); *Commonwealth* v. *Navarro,* 276 Pa. Super. 153, 158, 419 A.2d 141, 144 (1980) (under criminal rule, the "run time" will begin anew upon filing of second complaint if the prior complaint was properly dismissed and if the Commonwealth did not try to circumvent the speedy trial rule).

In this case, however, it matters not whether the time is merely tolled and begins again or if the time begins to run anew on November 10. In either case, the total period of delay is less than six months. This period of time is insuffi-

cient to trigger a "presumption of prejudice" under *Barker v. Wingo, supra,* and is insufficient as a matter of law. As of January 6, 1983, the date of defendant's motion to dismiss, there had been no denial of his constitutional right to a speedy public trial.

*The certified questions are answered in the negative.*