*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ΔENTRY ORDER

SUPREME COURT DOCKET NO. 2012-256

FEBURARY TERM, 2013

| | |
|---|---|
| Krista Greenstein | } APPEALED FROM: |
| | } |
| | } Superior Court, Chittenden Unit, |
| v. | } Family Division |
| | } |
| | } |
| Bret Greenstein | } DOCKET NO. 827-9-09 Cndm |

Trial Judge: A. Gregory Rainville

In the above-entitled cause, the Clerk will enter:

Husband appeals from an order of the superior court, civil division, asserting that the court abused its discretion in dismissing his motion to modify spousal maintenance for failure to prosecute. We reverse.

The parties were married in 1995 and divorced in January 2011. The amended final divorce judgment awarded wife monthly maintenance of $5205 for a period of six years. Based on a finding that both parties had formed new relationships, the divorce judgment provided that, in the event wife cohabitated or remarried, husband could seek a modification of spousal maintenance to determine whether a real and substantial change of circumstances had occurred.[1]

In June 2011, husband moved to modify spousal maintenance, asserting that wife was cohabitating and planned to marry, that she had recently purchased a new residence with her fiancé, and that her expenses had substantially decreased due to the relocation and her fiancé's financial contributions. A hearing was scheduled for July, but husband subsequently moved to continue the hearing and for a date certain, explaining that he worked and resided in China but would be in Vermont for a week in October. The court granted the motion and scheduled the hearing for October 11, 2011. Husband appeared for the hearing, but the matter was continued to December 15, 2011.

Husband's attorney was present at the December hearing, and husband appeared by telephone. Wife was present and self-represented. At the start of the hearing, the court and the parties expressed frustration with the limited one-hour time-frame allotted to the hearing, which was largely consumed with reviewing the parties' circumstances at the time of the divorce and discussing the co-habitation "trigger" contained in the final divorce judgment. At the end of the hour, the court ultimately observed that the matter would have to be scheduled for another hearing. Wife expressed frustration with the travel and inconvenience, and inquired whether she could appear by telephone like husband. The court indicated that her appearance was necessary as the focus was on whether her circumstances had changed. Wife then inquired whether the

---

[1] The parties had two children. The divorce judgment awarded custody to wife and required husband to pay child support, but those matters are not the subject of this appeal.

matter could be rescheduled to a time "when [husband's] here." The court responded, "That would be preferable." Husband's attorney then asked whether "it serendipitously could be scheduled on the week" that husband was next in Vermont, but no specific week was proposed by counsel or promised by the court. In the course of the hearing, wife asserted that husband's income had increased, and the court observed that husband should be prepared to submit financial information about his current income at the next hearing.

An entry order dated December 15, 2011, contains handwritten notes from the trial court summarizing the basic facts adduced at the hearing, and indicating that the matter would be "reset" for a two-hour hearing. A handwritten note at the bottom of the order contains the additional line, "Δ told to be present at merits hearing." The order does not contain the standard notation found at the bottom of most entry orders indicating "Copies sent to" followed by the names of the attorneys or parties receiving copies of the order. The order is recited verbatim in the trial court docket entries, but the line concerning husband's required appearance is absent.

On December 21, 2011, a form notice of hearing was sent to the parties stating that a motion hearing had been scheduled for January 24, 2012. Nothing in the order states that husband was required to personally appear. On January 13, 2012, husband moved to continue the hearing, explaining that he would be "in transit returning to China" on the scheduled date, and requesting that the matter be heard in the morning to accommodate the time difference so that he could participate by telephone from China. On January 20, 2012, the court issued an order denying the motion.

Husband's counsel appeared at the hearing on January 24, 2012, but explained that husband was in transit to China and unavailable to participate. The court, in response, gave notice that it would consider dismissal on its own motion for failure to prosecute, and proceeded to hear testimony from wife, who was again self-represented. The court admitted wife's Form 813 financial statement, which showed that her monthly expenses were considerably reduced since the time of the divorce largely as a result of her purchase of a new residence with her fiancé and his financial contributions. The court refused, however, to admit husband's Form 813 financial statement and income tax return, offered by counsel, on the ground that husband was not present to authenticate them.

The parties subsequently submitted memoranda on the propriety of dismissal for failure to prosecute, and the court issued a written decision on January 29, 2012. The order contains two bases of decision. First, the court ruled that the matter would be dismissed for failure to prosecute, explaining as follows:

> [T]he court indicated its expectation [husband] would attend the continued merits hearing at the December 15, 2011[,] hearing, through its December 15, 2011[,] Entry Order which stated that "[Defendant] told to be present at merits hearing," and implicitly through its denial of his motion to continue. The court finds that [husband] has failed to prosecute this claim and that involuntary dismissal for failure to attend the January 24, 2012[,] hearing is warranted under V.R.C.P. 41(b)(1).[2]

The court also ruled that, apart from the dismissal, husband had failed to meet his burden of proof. Even assuming that he had demonstrated a change in wife's circumstances, the court

---

[2] The court relied on V.R.C.P. 41(b)(1)(ii), finding that dismissal on its own motion was appropriate because husband had "failed to plead or otherwise defend" the motion.

ruled that husband had failed to "demonstrate his financial circumstances so that the court would be capable of determining a just amount of maintenance." This was the result, the court noted, of husband's absence and consequent failure "to give testimony on his financial circumstances" or to authenticate his financial documentation. This appeal followed.

Husband contends the court abused its discretion in dismissing the motion for failure to prosecute. We have observed that V.R.C.P. 41(b) essentially codifies "the inherent authority of the court to dismiss for want of prosecution," and its decision in this regard is reviewed solely for abuse of discretion. State v. Snide, 144 Vt. 436, 440 (1984). It is clear that the trial court here dismissed the motion to modify on the ground that husband had defied an order to personally appear at the next scheduled hearing. It is not at all clear, however, that husband actually received notice of such an order. As summarized above, the trial court merely observed at the prior hearing that it would be "preferable" for husband to attend. Although the court's entry order contains a handwritten notation that defendant was "told to be present," the record of the hearing does not support this statement. There is also considerable uncertainty as to whether the order was sent to defendant. Indeed, nothing on the face of the order or the record indicates that copies were sent to any of the parties, and the docket entry memorializing the order does not contain the "told to be present" language.

While we recognize the trial court's broad discretion to control its own docket and dismiss cases "clogging the calendar," id. (quotation omitted), we have also expressed a clear preference for the resolution of proceedings on the merits "in the absence of culpable negligence or dilatory intent." Nobel/Sysco Food Servs., Inc. v. Giebel, 148 Vt. 408, 410 (1987). Where, as here, we cannot be certain that the party dismissed received clear notice of the requirement that formed the basis for dismissal, fairness favors an opportunity to address the underlying issues on the merits. Accordingly, the order of dismissal is reversed.

The trial court here also addressed the merits, concluding that the exclusion of husband's financial information compelled a ruling in wife's favor. Over objection, the court had ruled that father's inability, due to his absence, to authenticate the material rendered it inadmissible. Father's notarized Form 813 financial statement, however, fell under Vermont Rule of Evidence 902(8), which provides that evidence of authenticity is not a condition precedent to the admission of notarized documents. The record also reveals no objection to the admission of father's tax return. Accordingly, we conclude that the judgment must be reversed, and the matter remanded for a new hearing on the motion to modify spousal maintenance.

Reversed and remanded.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
John A. Dooley, Associate Justice

_____
Brian L. Burgess, Associate Justice

3