VERMONT SUPREME COURT
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org

Case No.     24-AP-151



*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant.  Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

NOVEMBER TERM,   2024

M.J.\* v. V.S.P.

}  APPEALED FROM:
}  Superior Court, Bennington Unit,
}  Civil Division
}  CASE NO. 23-CV-00484
Trial Judge: David A. Barra

In the above-entitled cause, the Clerk will enter:

Plaintiff appeals from a trial court order denying his motion for default judgment and dismissing his case under Vermont Rule of Civil Procedure 41(b)(1)(i).  We affirm.

The record reflects the following.  Plaintiff filed a pro se complaint on January 31, 2023, alleging that as a result of defendant's negligence, he was physically and sexually assaulted by defendant's employees as a child in September 1992.[1]  Plaintiff subsequently filed a document titled "Proof of Delivery" in which he indicated that the summons, complaint, and accompanying paperwork were delivered to defendant by U.S. mail.

On July 18, the trial court issued a notice of possible dismissal citing Rule 41(b)(1).  It indicated that under Rule 41(b)(1)(ii), the court, on its own motion and after reasonable notice to all parties, may dismiss an action if "[t]he plaintiff has not filed proof of service on the defendant against whom the claim is asserted within 90 days of filing the action."  The notice warned defendant to file proof of service within fourteen days to prevent dismissal under this provision.

Plaintiff filed nothing in response to the court's notice and, on September 5, the court issued an order dismissing the case.  Plaintiff moved to reopen, indicating that he was unaware that, under the Civil Rules, the summons and complaint could not be served in the manner he

---

[1]   The civil division designated this case as not publicly accessible under 12 V.S.A. § 522(b), which provides that a complaint alleging an act of child sexual or physical abuse is sealed "until the answer is served or, if the defendant files a motion to dismiss under Rule 12(b) of the Vermont Rules of Civil Procedure, until the court rules on that motion.  If the complaint is dismissed, the complaint and any related papers or pleadings shall remain sealed."  The case retains this designation on appeal.  See V.R.P.A.C.R. 6(*i*) ("When a case is appealed, the public-access status of the records in the case remains as it was in the trial court while the case is on appeal absent further order.").

attempted. The court granted the motion, reopened the case, and afforded plaintiff an additional thirty days to complete service. Plaintiff did so and filed his proof of service on November 7.

There was no further action in the docket until April 17, 2024. On that date, the court issued a second notice of possible dismissal citing Rule 41(b)(1). As the notice explained, Rule 41(b)(1)(i) provides that a court, on its own motion and "after reasonable notice to all the parties, may dismiss any action, unless good cause is shown for continuance," if "[a]ll defendants have been served but have failed to plead or otherwise defend as provided by these rules and the plaintiff has failed to move for a default judgment within 60 days of the last date to answer." The notice advised plaintiff "to submit the appropriate motion, affidavits, and proposed judgment order within 30 days to prevent dismissal."

On May 3, plaintiff filed a single document styled "Plaintiff's Motion for Default Judgment & Affidavit in Support of Default Judgment." He stated that defendant was liable for $250,000,000 in damages because plaintiff sustained physical injuries persisting into adulthood after actors under defendant's control sexually assaulted him, resulting in his death, and then administered medications to raise him from the dead in order to further sexually assault him. Plaintiff signed the document, but did not notarize it or include language otherwise suggesting an intent to attest to the veracity of its contents.

The trial court issued an order denying plaintiff's motion for default on May 17. It noted that defendant did not support his request with the specific affidavits required under Civil Rule 55 and did not set forth, either in his motion or by affidavit, how defendant "is an entity that can be liable to him as he alleges." See V.R.C.P. 55(c)(1), (5) (restricting court from entering default judgment unless moving party "files an affidavit made on personal knowledge and setting forth facts as to liability and damages," "state[s] in an affidavit whether the opposing party is at least 18 years of age, and whether the moving party has any knowledge as to the competency of the opposing party," and further files "an affidavit as required by" the Servicemembers Civil Relief Act "stating whether or not the opposing party is in military service"). The court dismissed the case on the grounds that plaintiff "failed to file a proper motion supported by the required affidavits, reciting the required information, within the time period specified in the court's notice of possible dismissal." This appeal followed.

In his pro se brief, plaintiff indicates that he seeks relief from the judgment below under Federal Rule of Civil Procedure 60(b). Although the Federal Rules do not govern procedure in the courts of this state, Vermont Rule of Civil Procedure 60(b) is "nearly identical" to its federal analogue. Brandt v. Menard, 2020 VT 61, ¶ 6, 212 Vt. 547. Compare F.R.C.P. 60(b), with V.R.C.P. 60(b). Any such motion, however, must be filed in the superior court, not this Court. See Riehle v. Tudhope, 171 Vt. 626, 628 (2000) (mem.) (explaining that "a Rule 60(b) motion is addressed to the discretion of the trial court" (quotation omitted)). Nonetheless, the crux of plaintiff's argument appears to be that the civil division erred in dismissing his case because his motion for default should have been granted. Because this contention is itself appropriately raised on appeal to this Court, we consider it, notwithstanding plaintiff's reliance on Rule 60(b).

We review the civil division's conclusion that plaintiff failed to comply with the requirements of Rule 55 without deference, see Vance v. Locke, 2022 VT 23, ¶ 19, 216 Vt. 423, and its decision to dismiss plaintiff's case under Rule 41(b)(1)(i) for abuse of discretion, see State v. Snide, 144 Vt. 436, 440 (1984) (explaining that V.R.Cr.P. 48(b)(2) "is analogous to V.R.C.P. 41(b) insofar as it enables the court to dismiss a case for want of prosecution,"

consistent with "the inherent authority of the court" to manage its docket, and noting that dismissal orders under either provision are reviewed only for abuse of discretion).

The trial court did not err in denying plaintiff's motion for default judgment. Rule 55 requires, among other things, that the party seeking default file "an affidavit made on personal knowledge and setting forth facts as to liability and damages." V.R.C.P. 55(c)(1). Plaintiff seems to suggest that although his filing was not notarized, it nonetheless constituted an "affidavit" within the meaning of Rule 55. See Affidavit, Black's Law Dictionary (12th ed. 2024) ("A voluntary declaration of facts written down and sworn to by a declarant, usu[ally] before an officer authorized to administer oaths."). In support of this contention, he points to 28 U.S.C. § 1746, a federal statute providing that a declarant's signature on a document below language certifying its truth and correctness under penalty of perjury has the same force and effect as an affidavit. Vermont law similarly provides that "[a]ny document that would otherwise require the approval or verification of a notary" may be filed without it if the following language is included above the signature and date: " 'I declare that the above statement is true and accurate to the best of my knowledge and belief. I understand that if the above statement is false, I will be subject to the penalty of perjury or to other sanctions in the discretion of the court.' " 4 V.S.A. § 27b(a), (b). But while plaintiff's May 3 filing bears his signature, it does not contain language similar to that set forth in either statute.[2]

Plaintiff contends that his signature nonetheless constituted a self-attested declaration in lieu of notarization because "all writings submitted to the court are subject to the laws of perjury" and therefore must contain "the whole truth, and nothing but the truth." To be sure, under Civil Rule 11(b)(3), a pro se party's presentation of a document to the court constitutes a certification that, "to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . the allegations and other factual contentions have evidentiary support." But Rule 11 also contemplates that whenever the Civil Rules "require the filing of . . . an affidavit," a party may satisfy the requirement by filing a document including the language set forth in 4 V.S.A. § 27b. V.R.C.P. 11(e)(1). Under Rule 11, simply signing a document and filing it with the court does not satisfy the affidavit requirements in Rule 55.

Because defendant had not appeared and plaintiff did not file the affidavit required under Rule 55(c)(1), the trial court was without authority to grant his motion for default judgment. V.R.C.P. 55(c)(1) ("The court shall not enter judgment by default against a party who has not appeared in the action until the moving party files an affidavit made on personal knowledge and setting forth facts as to liability and damages."). It therefore did not err in denying plaintiff's request for default judgment. Given this conclusion, we need not reach plaintiff's additional arguments that his filing contained the information required under subdivision (c)(1) or his contention that he did not need to submit the affidavit required under subdivision (c)(5) because the Servicemembers Civil Relief Act is inapplicable to this case.

We thus turn to the trial court's decision to dismiss pursuant to Rule 41(b)(1)(i). The purpose of Rule 41(b)(1) is to give the court "the power to clear its docket" in situations "where no party exists who could, in the normal course, make the motion to dismiss the action." Reporter's Notes—1981 Amendment, V.R.C.P. 41; see also Reporter's Notes—2019

---

[2] Plaintiff argues that his accompanying "Certificate of Mailing" contains substantially similar language in that it reads, "I swear that on this day that I mailed a copy of this Motion to the Defendant." This declaration, however, plainly has no bearing on the veracity of the factual allegations in plaintiff's separate motion for default.

Amendment, V.R.C.P. 41 (explaining that time periods set forth in Rule 41(b)(1)(i) and (ii) were shortened "to allow more expeditious elimination of stale actions").

Here, the court first dismissed plaintiff's case because he failed to file proof of service on defendant in the manner required under Civil Rule 4 and did not respond to the court's notice of possible dismissal within the time it afforded him to correct this error. However, on plaintiff's request, the court reconsidered its dismissal and gave him a second opportunity to serve defendant. Though plaintiff served defendant, he took no further action until the court issued a second notice of possible dismissal over six months later. At that point, the court again provided clear instruction to plaintiff, indicating that he had thirty days to file a motion for default and highlighting the corresponding affidavit requirements. Plaintiff nonetheless failed to file a motion for default supported by the requisite affidavits within the time provided.

Plaintiff bears the burden to demonstrate that the trial court abused its discretion in dismissing his case under Rule 41(b)(1)(i). See Weed v. Weed, 2008 VT 121, ¶ 16, 185 Vt. 83 (explaining that abuse of discretion is "deferential" standard of review requiring appealing party to show "that the trial court has withheld its discretion entirely or that it was exercised for clearly untenable reasons or to a clearly untenable extent" (quotation omitted)); State v. Jones, 157 Vt. 553, 558-59 (1991) ("A trial judge acts well within his duties to assure that the most effective use be made of the court's resources to supervise and control the movement of all cases on its docket from the time of filing through final disposition." (quotation omitted)). However, the only argument he offers that could be construed as relevant to this analysis is the one we rejected above—that it was error to deny his motion for default. "[A]lthough pro se litigants receive some leeway from the courts, they are still 'bound by the ordinary rules of civil procedure.' " Zorn v. Smith, 2011 VT 10, ¶ 22, 189 Vt. 219 (quoting Vahlteich v. Knott, 139 Vt. 588, 591 (1981)). Thus, a trial court "does not abuse its discretion where it enforces the rules of civil procedure equitably, even against a pro se litigant." Bloomer v. Gibson, 2006 VT 104, ¶ 14, 180 Vt. 397. Plaintiff has not shown that the trial court abused its discretion in dismissing his case pursuant to Rule 41(b)(1)(i).

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
Karen R. Carroll, Associate Justice

_____
William D. Cohen, Associate Justice