Vermont Superior Court
Filed 12/27/24

SUPERIOR COURT

Washington Unit
65 State Street
Montpelier VT 05602
802-828-2091
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 23-CV-02301

---

Five Star Roofing, LLC v. Kathy Robinson

---

## Opinion and Order on Motion to Reconsider

On December 16, 2024, this matter came for hearing before the Court on Plaintiff's motion to reconsider. Plaintiff appeared through Attorney Barquist. Defendant appeared and represented herself. The motion seeks to have the Court reconsider its prior ruling dismissing Plaintiff's affirmative claims and its answer to Defendant's counterclaim based on Plaintiff's repeated failures to comply with Court Orders concerning the issue of representation for the Plaintiff. Plaintiff maintains that the sanction is too severe; Defendant asks the Court to adhere to its ruling. The Court makes the following determinations.

## Background and Findings

This case arises out of a roofing contract executed by Plaintiff at Defendant's residence. Defendant did not pay a portion of the bill for the work, and Plaintiff filed suit. Defendant was unhappy with the work, filed an answer disputing the billed amounts, and filed a counterclaim. Plaintiff filed an answer to the counterclaim.

On October 24, 2023, the Court held a hearing with the parties. As Plaintiff is a limited liability corporation, the Court told Plaintiff that it was required either to obtain counsel or make a motion arguing why it meets the standards to be allowed to proceed without counsel. The Court told Plaintiff that it would give it 30 days to obtain counsel or make the motion.

Following the hearing, the Court issued a written Order providing Plaintiff with the precise standards governing the issue and reiterating that a notice of appearance by counsel or a motion to proceed *pro se* were to be filed within 30 days.

Thirty days passed with no action from Plaintiff.

On November 29, 2023, on its own motion, the Court issued a written Order affording Plaintiff another 30-day period to file a notice of appearance by counsel or a motion to proceed *pro se*. In that Order it expressly informed Plaintiff that the

1

failure to make one filing or the other within that period would result in the dismissal of its affirmative claims and the striking of its answer to the counterclaim.

Plaintiff made no filing regarding representation in that period but did file a motion to dismiss, by which it sought to proceed in small claims court.

In January 2024, the Court held a status conference. At the conference, it denied the motion to proceed in small claims court. It discussed the possibility of early mediation. Both sides agreed to pursue that path. It gave the parties 90 days to complete mediation. The Court also returned to the issue of representation. Again, it reminded Plaintiff of the law's requirement that it either obtain counsel or seek permission by motion from the Court to proceed *pro se*. It gave the Plaintiff an additional 30 days beyond the 90-day mediation period to take action regarding representation. The Court stated, again, that given the past failures to follow the Court's orders, the failure to take such action would result in the dismissal of its affirmative claims and the striking of its answer to the counterclaims. The Court stated that it wanted Plaintiff to be "clear" on that and that the failure to adhere to the Court's Order was a "big deal." Plaintiff indicated that she understood, and she stated that she would be getting counsel if the case proceeded forward.

Following the hearing, the Court issued a written Order. In that written Order it, again, reminded Plaintiff of the need to obtain counsel or file a motion to proceed pro se within 120 days of the hearing. It also reissued its warning to Plaintiff that the sanction for failing to make one of those filings would be dismissal of its affirmative claims and striking of its answer to the counterclaims.

Ninety days passed without any notice as to the failure or success of mediation.

One-Hundred and twenty days passed without Plaintiff filing a notice of appearance by counsel or a motion to proceed *pro se*.

On June 6, 2024, the Court issued an Order telling the parties to let the Court know if the matter had settled during the 90-day mediation period. If it had not, consistent with the multiple past oral and written orders, the Court stated that the case would proceed with Plaintiff's affirmative claims dismissed and its answer to the counterclaims stricken.

On June 28, 2024, counsel entered his notice of appearance.

On August 27, 2024, the Court held a hearing. Plaintiff stated that it did not understand the June 6 Order as dismissing its claims and striking its answer. The Court gave Plaintiff 14 days to submit a motion to reconsider the June 6 Order.

Plaintiff timely filed the motion, and Defendant opposed it.

2

At the hearing held on December 16, 2024, Defendant testified credibly that the period of time between October and today had caused her prejudice. She noted that she had cancer surgery in 2023 and was still recovering. The delays caused her anxiety, and the multiple hearings on this preliminary issue (all of which she attended) caused her stress and caused her to miss time with her family and grandchildren. She also consulted with counsel who assisted her with drafting her opposition to the motion to reconsider, and she incurred costs in that endeavor of $1,000.00.

Defendant also credibly testified that she found a mediator and sent Plaintiff options for mediation dates during the 90-day mediation period, and Plaintiff failed to respond or engage in further discussion regarding scheduling the Court-ordered mediation. The mediation was not held.

Analysis

Initially, Plaintiff makes two procedural arguments that the Court rejects. First, it claims that, because the June 6 Order was not entered on the docket as a "dismissal," it cannot be viewed as such under Vt. R. Civ. P. 58. As the dismissal did not adjudicate all claims, and the Court did not enter a separate judgment under Vt. R. Civ. P. 54(b), it makes sense that a judgment would not have been reflected under Rule 58. Second, it asserts that the Court can only dismiss under Rule 41(b) following a motion by Defendant. The Court in this instance acted in accord with enforcing its own Orders that directed certain actions to occur. The Court sees no need for a motion under such circumstances. In any event, Rule 41(b) does not purport to undermine the courts' power to dismiss for failure to prosecute, which is part of its inherent authority "to prevent undue delays in the disposition of pending cases and to avoid congestion" in its docket. *Link v. Wabash Railroad Co.,* 370 U.S. 626, 629–30 (1962); *see Kenney v. California Tanker Co.*, 381 F.2d 775, 775 (3d Cir. 1967); *accord Lamell Lumber Corp. v. Newstress Int'l, Inc.*, 2007 VT 83, ¶ 23, 182 Vt. 282, 297 ("We have observed that the trial court has inherent authority to impose sanctions when necessary, in its discretion, to protect the integrity of the judicial system or instill respect in both litigants and litigators for the law and the legal process." (internal quotation omitted)); *see also* 9 Arthur R. Miller, *et al., Fed. Prac. & Proc. Civ.* § 2370 (4th ed.) (discussing same). Here, *inter alia,* Plaintiff's failure to obtain counsel or make a motion to proceed *pro se* plainly precluded it from prosecuting its case.[1]

---

[1] Similarly worded Federal Rule 41(b) has also been interpreted to allow the court to dismiss on its own motion in the absence of a motion by the opposing party for failure to follow court orders. See, e.g., Olsen v. Mapes, 333 F.3d 1199, 1204 n. 3 (10th Cir. 2003) ("Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court[s'] orders."); Steeves v. United States, No. 2022-

On the merits, Plaintiff's motion to reconsider makes little attempt to explain its lengthy failure to comply with repeated Court Orders. At argument, counsel intimated that Plaintiff is a small business that, perhaps, tried to do too much. Plaintiff does point out, however, that the dismissal of claims is the most severe sanction the Court has in its arsenal and that it should not be used in this case because the failures were not willful or in bad faith and no one has suffered prejudice. In support of those positions, Plaintiff relies upon *John v. Med. Ctr. Hosp. of Vermont, Inc.*, 136 Vt. 517, 519 (1978).

No doubt, in the discovery-sanction context, our High Court has chided lower courts for dismissing claims without evidence of willful misconduct and prejudice. *Id.* (reversing dismissal because court made no findings that there had "been bad faith or deliberate and willful disregard for the court's orders, and further, that the party seeking the sanction ha[d] been prejudiced").

Somewhat closer to the present situation is *Ying Ji v. Heide*, 2013 VT 81, ¶ 6, 194 Vt. 546, 549. There, the Supreme Court reversed the trial court's dismissal of a case based on counsel's failure to attend a status conference. The Court relied, in part, on its ruling in *John*. The Court noted that a dismissal under Rule 41(b) is subject to an abuse of discretion standard. *Id.* 2013 VT 81, ¶ 9, 194 Vt. at 551; *see State v. Snide*, 144 Vt. 436, 440 (1984) (dismissal under Vt. R. Civ. P. 41(b) are reviewed for abuse of discretion). The Court then counseled that the power to dismiss based on a failure to comply with court orders or failure to prosecute is limited by important countervailing considerations. Among them: the desire for cases to be decided on the merits; the sanction should be "proportionate" to the offense; courts should give fair warning and an opportunity to be heard regarding the sanction. *Heide*, 2013 VT 81, ¶¶ 6-8, 194 Vt. at 549–50.

Following *Heide*, the Court approved of a dismissal by the trial court where the trial court had refused to grant a continuance to plaintiff, and the plaintiff simply refused to proceed with the trial. *Cegalis v. Knutsen*, No. 22-AP-280, 2023 WL 3271524, at *3 (Vt. May 5, 2023). The Court concluded that the factors cited by *Heide* were important but that the trial court continues to have discretion to dismiss based on Plaintiff's failure to prosecute. *Id.*

---

1079, 2022 WL 2869712, at *2 (Fed. Cir. July 21, 2022), *cert. denied*, 143 S. Ct. 2464, 216 L. Ed. 2d 434 (2023) ("The Court of Federal Claims may properly dismiss a case under Rule 41(b) when the plaintiff has failed to 'prosecute or to comply with' the Rules or a 'court order' by ruling *sua sponte* or by granting a motion filed by the parties. R. Ct. Fed. Cl. 41(b)."). Plaintiff's citation of an unpublished three-Justice opinion does not dissuade the Court from concluding that our federal friends' view of the Rule is the more sound.

In the federal courts, cases are more on point. There, dismissals of a corporation's claims for its failure to obtain counsel have occurred with some frequency. As in Vermont, dismissal under such circumstances is still viewed as a severe sanction. In the United States Court of Appeals for the Third Circuit, dismissal of corporate parties for failing to obtain counsel is typically evaluated by examining the so-called "*Poulis* factors," which are similar to those noted in *Heide*:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984).

Despite such considerations, "it is not uncommon for a court to summarily dismiss a corporate party for failure to retain counsel–that is, without a full *Poulis* analysis." *Sync Labs LLC v. Fusion Mfg.*, No. 2:11-CV-3671 WHW, 2014 WL 2601907, at *3–4 (D.N.J. June 11, 2014) (collecting cases); *see United States v. High Country Broad. Co.*, 3 F.3d 1244, 1245 (9th Cir. 1993) (dismissing case after corporation failed to follow order to retain counsel); *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1386 (11th Cir. 1985) (affirming lower court dismissal of claims after affording corporation two chances to obtain counsel); *Donovan v. Road Rangers Country Junction, Inc.,* 736 F.2d 1004, 1005 (5th Cir. 1984) (*per curiam*) ("judge directed under established law that counsel be hired to represent the corporation…. [party] declined to hire counsel to represent the corporation so the district court properly struck the defenses of the corporation"); *Shapiro, Bernstein & Co. v. Cont'l Rec. Co.*, 386 F.2d 426, 427 (2d Cir. 1967) ("cavalier disregard for a court order" requiring corporation to obtain counsel warranted default judgment).

In this case, even applying the considerations set out in *Heide* and *John,* Plaintiff's conduct was unjustified in the extreme. Given the sheer number of times that the Court explained orally the requirement of obtaining counsel or making a motion to proceed *pro se* and the number of times it followed up those oral explanations with written Orders, it is plain that the failure of Plaintiff to take action was "deliberate and [in] willful disregard for the court's orders." *John*, 136 Vt. at 519. It also amounted to a failure of Plaintiff to prosecute its case.

Plaintiff engaged in further dilatory conduct regarding mediation. In January 2024, it agreed to engage in early mediation, and the Court ordered that it be completed within 90 days. The Court accepts Defendant's testimony that she

worked with a mediator to provide potential mediation dates to Plaintiff, but it failed to respond to the request to select a date.

Additionally, the Court gave full and fair warning of the dismissal sanction. Again, both orally and in written Orders, the Court provided no fewer than five warnings as to the sanction that would be levied should Plaintiff fail to comply with the Orders. At the January 2024 hearing, Plaintiff's representative indicated her understanding of the potential sanction. The Court also granted multiple extensions to allow Plaintiff the chance to comply with its Orders. Each extension was afforded and passed with no action taken by Plaintiff. *Cf. Heide*, 2013 VT 81, ¶ 8, 194 Vt. at 550 (noting that trial court "could have," but did not, "warn[] plaintiff that any future failure to comply with a directive of the court would result in sanctions, including the possibility of dismissal"). Nor did Plaintiff ever seek additional time or indicate that it was having difficulty obtaining counsel.

The judicial system and the Defendant has suffered prejudice as a result of Plaintiff's inaction. The Court has held four hearings and issued two oral and four written Orders on this preliminary question. The case was pending from October 2023 through today with no actual progress due to Plaintiff's failures to obtain counsel and engage in court-ordered mediation. While the Court is cognizant of Plaintiff's point that the expenditure of court resources may not always amount to "prejudice," in this instance, multiple hearings were held and court time devoted to a matter that was fully within Plaintiff's control and, yet, it refused to act. The Court certainly could have used that time and its resources to devote to other matters pending before it.

Even if the delay to the court system were ignored, there is palpable prejudice to the Defendant. She took time from her family and appeared at each hearing on this issue. She continues to recover from cancer surgery, and the Court finds credible her testimony as to the stress and anxiety she suffered from participating in the multiple court hearings. She also devoted time and effort to set up the mediation, which did not move forward due to Plaintiff's inaction. And, she incurred $1,000 in consultation costs for assistance in responding to the motion to reconsider.

The last consideration is whether alternative sanctions may be appropriate to satisfy the ends of justice. There are limited sanctions that the Court can come up with that would remedy a circumstance where a party has so willfully failed to take action that was repeatedly ordered by the Court and that is necessary for the case–which Plaintiff filed–to move forward. Defendant is self-represented, so attorney's fees are not a possibility. Even if the Court were to award her the consultation costs she incurred regarding the instant motion, that would not compensate

Defendant for the prior failures to comply with the Orders, nor would it actually remedy the prejudice caused. Were we looking at an initial order, perhaps, the path of contempt could have been followed. But, here, the Court, instead, afforded Plaintiff multiple chances to comply with the Orders, gave Plaintiff multiple extensions, and provided fair warning of the consequences for failing to follow the Order. *Steeves v. United States*, No. 2022-1079, 2022 WL 2869712, at *2 (Fed. Cir. July 21, 2022), cert. denied, 143 S. Ct. 2464, 216 L. Ed. 2d 434 (2023) ("Rule 41(b) dismissal is especially appropriate in cases where the plaintiff repeatedly and without valid justification ignore[s] both court-imposed deadlines and court rules." (internal quotation omitted)).

Nonetheless, the Court has considered the circumstances anew in light of Plaintiff's motion to reconsider; the authorities noted above; the advent (although tardy) of counsel; and the strong preference for matters to be adjudicated on the merits, *Desjarlais v. Gilman*, 143 Vt. 154, 158-89 (1983). The Court continues to believe that a severe sanction is warranted in light of Plaintiff's willful failures to follow the Court's multiple Orders; and the impact those failures have wrought upon this case, the Defendant, and the judicial system. After calm reflection, however, the Court concludes that dismissal of Plaintiff's affirmative claims is a sufficient and more balanced remedy and deterrent. Though imposing the very strong sanction of dismissing its affirmative claims, such a result allows Plaintiff a chance to maintain its answer and defend against the merits of Defendant's counterclaim.

Accordingly, the Court will not strike Plaintiff's answer to the counterclaim. Plaintiff may defend against Defendant's counterclaim, and its former affirmative claims may be considered solely as a potential set off to any claims and damages that may be established by Defendant.

Finally, as the Court had previously ordered, the Court expects the parties to complete early mediation. It shall be completed within 60 days.

## Conclusion

In light of the foregoing, Plaintiff's motion to reconsider is granted, in part, and denied, in part. Plaintiff's affirmative claims remain dismissed. Plaintiff's

answer is unstricken.  The parties shall engage in mediation within 60 days.  If the matter is not resolved, a proposed discovery schedule shall be submitted within 14 days of the completion of mediation.

Electronically Signed on December 24, 2024, per V.R.E.F. 9(d)

_____
Timothy B. Tomasi
Superior Court Judge